United States District Court
Northern District of California

UNITED STATES OF AMERICA,
            Plaintiff,
    v.
SHAWNCY MCGOWAN,
            Defendant.

Case No.: CR 12-00524-1-YGR (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I. BACKGROUND

On December 3, 2009, Shawncy McGowan was sentenced to 41 months in custody and three years of supervised release for bank fraud, a Class B felony. On August 15, 2013, Defendant's probation officer filed a petition alleging that Defendant had violated the conditions of her supervised release on a number of occasions. The alleged violations were: unlawful use of a controlled substance; failing to participate in a program of testing and treatment for substance abuse; failing to pay restitution; failing to report to her probation officer; committing another federal, state, or local crime (elder abuse); and failing to notify her probation officer at least ten days prior to any change in residence or employment. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on August 15, 2013.

Defendant was arrested on September 16, 2013. On September 18, 2013, a hearing was held on the Government's motion to detain Defendant pending her supervised release violation hearing. Defendant was present, in custody, and represented by Joyce Leavitt. Assistant United States Attorney Maureen Bessette appeared on behalf of the Government. Probation Officer Kevin Thomas was also present. For the reasons stated below, the court orders that Defendant be detained.

DETENTION ORDER
CR 12-00524-1-YGR (KAW)                    1

## II. LEGAL ANALYSIS

Defendant's sentence for the Class B felony included a three-year term of supervised release pursuant to 18 U.S.C. § 3583(h). In so ordering, the Court imposed conditions of supervision, including the following standard conditions: Defendant shall not commit another federal, state, or local crime and Defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

On or about July 22, 2013, Defendant was arrested for violating California Penal Code § 368(b)(1) (elder abuse). While at the home of her mother and stepfather, where Defendant resided at the time, Defendant got into a verbal argument with her stepfather. Defendant's stepfather informed Defendant that she could no longer use his vehicle to go to work because Defendant was not contributing to maintenance, fuel, and insurance costs. When Defendant's stepfather attempted to walk outside, Defendant blocked his path and said, "Don't put your hands on me, I'll call the police on you." Defendant's stepfather then tried to walk around Defendant, at which point Defendant shoved him with two hands to the chest. Defendant's stepfather fell into the television set and onto the ground. Defendant's stepfather became frightened, as Defendant continued to yell at him. Defendant's stepfather was taken to the hospital by a neighbor where he complained about pain in his left forearm and the right side of his lower back. Defendant's stepfather also had a two-inch laceration on his left forearm and a two-inch scratch just above the laceration. After the incident, Defendant left the residence and moved to another location.

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that she is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143. Defendant's underlying conviction was for bank fraud. As provided above, Defendant was arrested for elder abuse on July 22, 2013. At the hearing, Defense counsel argued that the charges were dropped. However, that does not mean that Defendant did not violate the terms of her supervised release.

This is Defendant's fourth Form 12 since her release. The instant Form 12 contains substantial allegations of numerous violations that occurred over a number of months. On June 11, 2013, Defendant tested positive for marijuana, as evidenced by an admission report Defendant

signed on that date. During the September 18, 2013 hearing, Probation Officer Thomas reported that while Defendant has taken steps to secure employment, she has been uncooperative with respect to the other conditions of her supervised release, including failing to submit monthly supervision reports, failing to notify him of any change in residence or employment at least ten days prior to the change, failing to make required restitution payments, failing to make her required appointments for mental health treatment, and failing to make her scheduled urine tests. Probation Officer Thomas also indicated that Defendant had only recently informed him of her change in residence, after not hearing from Defendant for months.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established that she is not a risk of flight or a danger to the community by clear and convincing evidence.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 23, 2013

KANDIS A. WESTMORE
United States Magistrate Judge